IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAMANTHA POLLIN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-22-1700 |
| COMMUNITY MANAGEMENT CORP., | * | |
| | * | |
| Defendant. | | |
| | *** | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Community Management Corporation's ("CMC") Motion to Dismiss for Failure to State a Claim (ECF No. 19). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will grant the Motion.

## I.    BACKGROUND[1]

### A.    Factual Background

In July 2020, Samantha Pollin, a resident of Montgomery County, Maryland, purchased property located at 439 Little Quarry Road in Gaithersburg, Maryland. (Compl. ¶¶ 4, 24, ECF No. 5–2).[2] Pollin's property is located in the Kentlands community, a part of the Kentlands Citizen Assembly homeowners' association ("KCA"). (Id. ¶ 4). The

---

[1] Unless otherwise noted, the Court takes the following facts from Pollin's Complaint (ECF No. 5) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[2] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

property is subject to KCA's governing documents. (Id. ¶ 25). CMC is the property management company for KCA and collector of homeowner's association ("HOA") dues and assessments. (Id. ¶ 3). As a KCA homeowner, Pollin makes monthly HOA payments in the amount of $140.58 plus an additional $2.95 convenience fee that CMC collects online via the Townsq.io app ("the App"). (Id. ¶¶ 26, 30, 31).

**B.      Procedural History**

Pollin filed her Complaint against CMC on July 11, 2022. (ECF No. 5). In her class-action Complaint, Pollin alleges: she and the prospective Class are entitled to declaratory and injunctive relief enjoining CMC from imposing and collecting convenience fees from Pollin and prospective Class members incidental to their monthly HOA dues (Count I);[3] violations of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law ("CL") § 14-202(8) & (11), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (Count II); and violations of the Maryland Consumer Protection Act ("MCPA"), CL §§ 13-301(14)(iii) & 13-408(b) (Count III). (See Compl. ¶¶ 42–49). Pollin and the prospective Class Members seek actual damages in excess of $75,000 and attorney's fees and costs. (Id. at 11–12).

On July 13, 2022, Pollin and CMC filed a joint motion for an extension of time for CMC to answer or otherwise respond to Pollin's Complaint within twenty-one days. (ECF

---

[3] For purposes of Count I only, Pollin withdrew her claim for declaratory and injunctive relief. (Pls.' Opp to Def.'s Mot. Dismiss ["Opp'n"] at 12, ECF No. 20). Because a "state-court declaratory judgment action removed to federal court is treated as though the plaintiff had invoked the Federal Declaratory Act, 28 U.S.C. § 2201," declaratory relief is not available under the MCDA or the MCPA. Sullivan v. YES Energy Mgmt., Inc., No. GJH-22-0418, 2022 WL 4777791, at *13 (D.Md. Sept. 30, 2022).

No. 9). The Court granted Pollin and CMC's joint motion. (ECF No. 11). On November 18, 2022, CMC filed a Motion to Dismiss. (ECF No. 19). Pollin filed an Opposition on December 14, 2022. (ECF No. 20). CMC filed a Reply on January 5, 2023. (ECF No. 21).

## II. DISCUSSION

### A. Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013)).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

**B.    Analysis**

**1.    MCDCA Claim**

Pollin claims that CMC violated the MCDCA by assessing convenience fees (Count II). (Compl. ¶¶ 44–49). CMC argues that Pollin's claim fails for two reasons. First, CMC contends that Pollin has not alleged a "debt," which is a prerequisite for pleading a violation of the MCDCA. (Def.'s Mem. Supp. Mot. Dismiss ["Mot."] at 3, ECF No. 19-1). Second, CMC argues that even assuming Pollin alleged a "debt," KCA's governing documents[4] expressly authorize CMC to charge convenience fees incidental to HOA dues. (Id.). At

---

[4] "'Founding' Documents means and refers to [KCA's] Community Charter together with the Articles of Incorporation and Bylaws of the Kentlands Citizens Assembly and any Declarations of Annexation extending the provisions of this Community Charter to Real Property." (Kentlands Community Charter ["Charter"] at 31, ECF No. 22).

"'Governing' Documents means and refers to the Founding Documents and Community Codes." (Id.).

"'Community' Codes means and refers to Equity Resolutions and Administrative Resolutions duly adopted by the Board of Trustees of the Kentlands Citizens Assembly." (Id. at 30).

4

bottom, the Court finds that although Pollin successfully alleges that convenience fees are "debts" under the MCDCA, her claim fails because CMC is expressly authorized to charge convenience fees under the governing documents.

Under the MCDCA, a debt collector may not "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Stewart v. Bierman, 859 F.Supp.2d 754, 769 (D.Md. 2012) (quoting CL § 14-202(8)), aff'd sub nom., Lembach v. Bierman, 528 F.App'x 297 (4th Cir. 2013). Thus, to state a claim under § 14-202(8) of the MCDCA, Pollin must establish two elements: "(1) that Defendant[] did not possess the right to collect the amount of debt sought; and (2) that Defendant[] attempted to collect the debt knowing that they lacked the right to do so." Lewis v. McCabe, Weisberg & Conway, LLC, No. DKC-13-1561, 2014 WL 3845833, at *6 (D.Md. Aug. 4, 2014).

First, CMC argues that Pollin's MCDCA claim must fail because her HOA dues were not overdue, and therefore she cannot show that she owed a "debt" to CMC under the MCDCA. (Mot. at 4). CMC contends that the Court of Appeals of Maryland[5] has found that delinquent HOA dues are a "debt" under the MCDCA, but that there is no authority holding that timely payments are considered a "debt." (Id. at 3, 5–6); See Andrews & Lawrence Pro. Servs., LLC v. Mills, 223 A.3d 947, 950 (Md. 2020). The Court disagrees.

Under the Consumer Protection Act ("CPA"), HOA assessments and charges to lot owners are consumer debts "as they [are] incurred primarily for personal, household, and family purposes." CL § 13-101; see also Goshen Run Homeowners Ass'n v. Cisneros, 223

---

[5] Effective December 14, 2022, the Court of Appeals of Maryland was renamed the Supreme Court of Maryland.

A.3d 917, 929–31 (Md. 2020). Further, "entities involved in the passive collection of all consumer debts, not just those that are past due, are regulated by the MCDCA." <u>Sullivan v. YES Energy Mgmt., Inc.</u>, No. GJH-22-418, 2022 WL 4777791, at *4 (D.Md. Sept. 30, 2022). Accordingly, the Court finds that even timely paid HOA assessments qualify as a "debt" under the MCDCA.

Pollin's claim fails, however, because the KCA's governing documents expressly authorize it to charge convenience fees incidental to HOA dues. (Mot. at 3). Under § 14-202(11), when "collecting or attempting to collect an alleged debt a collector may not . . . [e]ngage in any conduct that violates §§ 804 through 812 of the federal [FDCPA]." CL § 14-202(11). Specifically, §§ 804 through 812 prohibit "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is <u>expressly authorized</u> by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1) (emphasis added).

According to KCA's Community Charter, titleholders or homeowners are obligated to pay "any assessment levied upon his Lot, together with interest, costs, late fees, reasonable attorney fees and all other reasonable charges imposed by the [KCA]." (<u>See</u> Charter § 2-105(a), ECF No. 22-1). Additionally, KCA's Articles of Incorporation empower KCA to "[f]ix, levy, collect and enforce payment by any lawful means . . . and all other expenses incident to the conduct of the business of [KCA.]" (<u>See</u> Articles of Incorporation, Article IV ["Articles"] at 14, ECF No. 22-2).

Pollin argues that KCA's Community Charter only empowers the Trustees to levy assessments, and therefore KCA and CMC may not unilaterally impose the convenience

6

fees without action by the Trustees. (Opp'n at 10–11; see Charter at § 2-105(a) (stating that KCA, "through the actions of the Trustees, shall be empowered to levy assessments")). Pollin also asserts there is no evidence that the Trustees have amended KCA's governing documents to allow CMC to charge a convenience fee. (Id.). Again, the Court disagrees.

While convenience fees are generally impermissible under Maryland law, the language in KCA's Community Charter empowers CMC, its agent, to collect assessments from homeowners including "costs, late fees, reasonable attorneys' fees and all other reasonable charges." (Charter § 2-105(a) (emphasis added)). KCA's Articles of Incorporation further authorize CMC to "collect and enforce payment by any lawful means, of all charges or assessments pursuant to the terms of the Charter, to pay all expenses in connection therewith, including . . . all other expenses incident to the conduct of the business of the Assembly." (Articles at 14 (emphasis added)). Although the documents do not specifically reference "convenience fees," the Court finds that the language "all expenses" or "all charges" are a catchall that permits CMC to charge convenience fees. (Id.). Additionally, the language "all other expenses incident to the conduct of the business of the Assembly" further authorizes charging a convenience fee. (Id.). Accordingly, the Court finds that the governing documents permit the collection of convenience fees and Pollin's MCDCA claim fails. The Court will therefore dismiss Count II.

### 2. MCPA Claim

Next, Pollin asserts that CMC violated the MCPA (Count III) (Compl. ¶ 49). To state a standalone claim under § 13-408 of the MCPA, the plaintiff must allege: "(1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them

7

actual injury." Bey v. Shapiro Brown & Alt, LLP, 997 F.Supp.2d 310, 319 (D.Md. 2014), aff'd, 584 F.App'x 135 (4th Cir. 2014). Pollin's sole basis for relief is that CMC's violations of the MCDCA are per se violations of the MCPA. (Compl. at 11). As the Court has dismissed Count II for failure to state a claim, and Pollin provides no other grounds establishing the viability of her claim, the Court will dismiss Count III. Finally, as Pollin voluntarily withdrew her declaratory judgment claim (Count I), her Complaint will be dismissed in its entirety.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant CMC's Motion to Dismiss for Failure to State a Claim (ECF No. 19). A separate order follows.

Entered this 18th day of September, 2023

/s/
George L. Russell, III
United States District Judge